Action by Isaac W. Allen against James J. McFadden on a promissory note. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes of the court, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER, J.

*Q. G. T. Parker*, for appellant.     *E. M. & F. M. Ashley*, for respondent.

PER CURIAM. This action is upon a promissory note, given in the sum of $100, made by the defendant to E. A. Clapp, or bearer, for seed grain. It bears date August 12, 1889, and was payable on the 1st day of October, 1890. Before the maturity of the note it was transferred by Clapp to the plaintiff, who paid therefor the sum of $95. The transaction out of which the note grew was the usual grain swindle, perpetrated in this instance by a company styling itself the "Pennsylvania Seed Company, Limited." The defendant agreed to buy of this company 20 bushels of wheat, at $15 a bushel, less $33⅓ per cent. commission for selling, with a bond of the seed company accompanying the agreement that it would sell for the defendant, on or before September 1, 1890, 20 bushels of wheat, to be derived from the crop of that year, at $15 per bushel, less $33⅓ per cent. commission for selling it; so that the defendant would thereby be enabled to pay out of the transaction this note of $100, together with another one of $50, given at the same time, and have a handsome margin left. As we have repeatedly held, this scheme was a result of a joint fraud of the seed company and of the buyer of the grain, and we do not care at this time to enter upon any discussion or statement of the reasons which have led us repeatedly so to characterize the transaction. The jury has found that the plaintiff bought the note of Clapp in good faith, holding, as a matter of fact, doubtless, that the note had its inception upon the delivery of it by the defendant to Clapp, notwithstanding any fraud existing in the contrivance made by the defendant and the agent of the company, one Barger. See *Sandford* v. *Moss*, (Sup.) 18 N. Y. Supp. 673, and *Joy* v. *Diefendorf*, (N. Y. App.) 28 N. E. Rep. 602.

Judgment and order appealed from affirmed.

---

MIELE, Appellant, *v.* DEPERINO *et al.*, Respondents.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

Appeal from special term, Kings county.

Action by Guiseppe Miele against Joseph Deperino and others.

*D. W. Northup*, for appellant.     *Robert H. Racey*, for respondents.

No opinion. Judgment affirmed, with costs.

---

SALTSMAN *v.* NEW YORK, L. E. & W. R. CO.

*(Supreme Court, General Term, Fifth Department.* October 5, 1892.)

1. PAROL EVIDENCE—TO EXPLAIN BILL OF LADING.
    Though the body of a bill of lading stated that defendant railroad company agreed to forward its car of plaintiff's property from Avoca, N. Y., to Buffalo, N. Y., this is not conclusive as to the contract when the heading of the bill shows that the car was to be taken from Avoca to Elkhart, Ind.; and plaintiff, in an action for loss of the property, may show, notwithstanding his acceptance of the bill of lading, what the real contract was under which defendant received his property.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection to the measure of damages adopted by the trial court cannot be raised for the first time on appeal.

Appeal from circuit court, Steuben county.

Action by Lawrence Saltsman against the New York, Lake Erie & Western Railroad Company to recover damages for the loss of a shipment of po-